UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVAUGHN LOVE,<br><br>                              Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, et al.,<br><br>                              Respondents. | Case No.:  20-cv-00447-JLS (DEB)<br><br>**REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS** |

This Report and Recommendation is submitted to United States District Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d)(4) and HC.2(a).

Petitioner Davaughn Love is a California prisoner proceeding *pro se*. On March 9, 2020, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") challenging the results of a disciplinary hearing conducted by the California Department of Corrections and Rehabilitation (CDCR). Dkt. No. 1. Petitioner claims there was no evidence to find him guilty of two rules violation reports for possession of: (1) alcohol; and (2) a cellular telephone. *Id*. On June 25, 2020, Respondents

Raymond Madden, Warden, and Xavier Becerra,[1] Attorney General of California, filed a Response. Dkt. No. 7. On September 8, 2020, Petitioner filed a Traverse. Dkt. No. 11.

The Court has considered the Petition, Response, Traverse, and all supporting documents. The Court recommends **DENYING** Petitioner's Petition of Writ of Habeas Corpus because the claims are not cognizable under 28 U.S.C. § 2254.

## I.  BACKGROUND

On July 22, 2016, Petitioner was convicted in the Superior Court of California of attempted murder and shooting at an occupied motor vehicle. Lodgment No. 2, Dkt. No. 8-2 at 1. On October 5, 2016, the Superior Court sentenced Petitioner to an indeterminate term of forty-seven years to life in prison with the possibility of parole. *Id*.

On January 21, 2019, a correctional officer issued Petitioner two rules violation reports (RVRs) for possessing alcohol and a cellular telephone. Dkt. Nos. 1 at 30, 45; Lodgment No. 3, Dkt. No. 8-3 at 1. As summarized in the California Court of Appeal's decision:

> A prison guard "detected a strong pungent odor of alcohol" as he passed by the cell occupied solely by Davaughn Love. When the guard tried to enter the cell, Love kept the door shut, retrieved a cellular telephone and charger from his locker, broke up the telephone into pieces, and flushed the pieces and the charger down the toilet. When the prison guard finally got into Love's prison cell, he discovered several coffee containers of what he recognized as inmate-manufactured alcohol based on his discovery of the same substance "on numerous occasions." The guard flushed the alcohol down the toilet.

Lodgment No. 12, Dkt. No. 8-12 at 1.[2]

---

[1] Petitioner incorrectly named Respondent "X. Becca" in the Petition.

[2] The state court factual findings are presumptively reasonable and entitled to deference in these proceedings. *See* 28 U.S.C. § 2254(d); *see also Sumner v. Mata*, 449 U.S. 539, 545–47 (1981) ("Section 2254(d) by its terms thus applies to factual

At the subsequent disciplinary hearing, Petitioner pleaded not guilty to both violations and submitted a written statement claiming the correctional officer "fabricat[ed] alcohol claims." Dkt. No. 1 at 28. Petitioner further alleged the RVRs violated the prison's policy against "stacking" charges. *Id.* at 29; *see also* Lodgment No. 6, Dkt. No. 8-6 at 12.[3] On February 5 and 27, 2019, a Senior Hearing Officer ("SHO") found Petitioner guilty of possession of alcohol and possession of a cellular telephone in violation of CCR §§ 3016(b) and 3006(a). Lodgment Nos. 5, 6, Dkt. Nos. 8-5, 8-6. The CDCR assessed Petitioner 120 days forfeiture of credit for the alcohol offense, and 90 days forfeiture of credit for the cellular telephone offense. Dkt. Nos. 1 at 41–42, 56–57; Lodgment Nos. 5, 6, Dkt. Nos. 8-5 at 8–9, 8-6 at 8–9.

The CDCR denied Petitioner's administrative appeals. Dkt. No. 1 at 60–73; Lodgment Nos. 7, 8, Dkt. Nos. 8-7, 8-8. Petitioner sought and was denied habeas relief in the Imperial County Superior Court, the California Court of Appeal, and the California Supreme Court. Dkt. No. 1 at 75–84; Lodgment Nos. 10, 12, 17, Dkt. Nos. 8-10, 8-12, 8-7. On March 9, 2020, Petitioner filed this Petition. Dkt. No. 1.

## II.     STANDARD OF REVIEW

This Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241, *et seq*. Under the AEDPA, a federal court may not grant habeas relief for any matter adjudicated on the merits by a state court unless the decision was: (1) contrary to, or involved an unreasonable application of clearly established federal law; or (2) based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

---

determinations made by state courts, whether the court be a trial court or an appellate court.").

[3]     Petitioner did not raised the argument that the two RVRs were impermissibly "stacked" in this Petition.

### III. DISCUSSION

Petitioner alleges he was deprived due process because the SHO failed to apply the "some evidence" standard when adjudicating Petitioner's RVRs. Dkt. No. 1 at 17. For the reasons discussed below, the Court lacks jurisdiction over this claim. Even if the Court had jurisdiction, Petitioner's claim fails on its merits. Finally, the Petition is not amenable to conversion to an action under 42 U.S.C. § 1983.

**A. The Petition Is Not Cognizable in Habeas**

Respondent argues, and the Court agrees, that the Petition does not state a cognizable claim for federal relief. Generally, prisoners' federal claims fall into two categories: "a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871 . . . 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Habeas corpus actions, which Petitioner has filed here, involve "[c]hallenges to the validity of any confinement or to particulars affecting its duration." *Id.* Federal habeas jurisdiction exists only where the relief sought would "necessarily lead to [Petitioner's] immediate or earlier release from confinement." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc).

*Nettles* controls here. In that case, petitioner was a life inmate and past his minimum eligible parole date ("MEPD"). *Id.* at 925–27. Petitioner challenged a disciplinary decision resulting in the forfeiture of 30 days of credit. *Id.* at 927. The Ninth Circuit found no federal jurisdiction because "success on [petitioner's] claims would not necessarily lead to his immediate or earlier release from confinement." *Id.* at 935. The court reasoned that, "because the parole board has the authority to deny parole 'on the basis of any grounds presently available to it,' the presence of a disciplinary infraction does not compel the denial of parole." *Id.* (quoting *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003)); *see also Sandin v. Conner*, 515 U.S. 472, 487 (1995) (The "decision to release a prisoner rests on a myriad of considerations.").

Although Petitioner's MEPD has not yet passed and the parole board has not yet evaluated his suitability for parole, these facts do not meaningfully distinguish this case

from *Nettles*. If Petitioner's lost credit is restored and his disciplinary action expunged, Petitioner's MEPD and initial parole hearing may occur at an earlier date. But, as in *Nettles*, an earlier MEPD and parole suitability hearing will not necessarily lead to an earlier release from confinement. Although a disciplinary conviction may pose challenges to an inmate seeking release on parole, it is only one of a "myriad of considerations" relevant to a parole decision; it does not in and of itself affect the length of a prisoner's sentence. *Sandin*, 515 U.S. at 487 ("The chance that a finding of misconduct will alter the balance [at a parole hearing] is simply too attenuated to invoke the procedural guarantees of the Due Process Clause."); *see also Ramirez*, 334 F.3d at 859 ("[I]f Ramirez is successful in attacking the disciplinary hearing and expunging his sentence, 'the parole board will still have the authority to deny his request for parole on the basis of any of the grounds presently available to it in evaluating such a request.'").

Applying *Nettles*, district courts have found that the potential for an earlier MEPD does not support habeas jurisdiction. *Roldan v. Montgomery*, No. 18-cv-2006-JAH (RBB), 2019 WL 2717269, at *6 (S.D. Cal. June 28, 2019) ("The potential for an earlier MEPD and earlier parole hearing, therefore, is not sufficient to confer habeas jurisdiction."), *report and recommendation adopted*, 2020 WL 898064 (Feb. 25, 2020); *Pettis v. Asuncion*, No. 16-cv-4241 CBM-JC, 2017 WL 927626, at *4–5 (C.D. Cal. Jan. 26, 2017) (no federal habeas jurisdiction where the loss of credits resulting from a disciplinary violation did not necessarily have any impact on the length of the petitioner's confinement), *report and recommendation adopted*, 2017 WL 923895 (Mar. 8, 2017); *Olic v. Lizarraga*, No. 15-cv-0694-JAM-CMK-P, 2016 WL 7014392, at *3 (E.D. Cal. Dec. 1, 2016) ("Even if petitioner was to advance his MEPD, the determination" would not necessarily lead to a speedier release).

Here, success for Petitioner "does not mean immediate release from confinement or a shorter stay in prison; it means at most [an earlier] eligibility review, which at most will speed consideration of a . . . parole application." *Wilkson v. Dotson*, 544 U.S. 74, 82 (2005). Even if Petitioner received a parole hearing, state "authorities may, in their discretion,

decline to shorten his prison term." *Id*. Under these circumstances, there is no federal habeas jurisdiction.

### B. The Petition Fails on the Merits

Even if this Court had jurisdiction over the Petition, it would fail on the merits. Petitioner claims "there is no evidence to substantiate that the substance C/O Beltran allegedly discovered or observed being flushed down the toilet system was in fact 'alcohol' substance or any cell phone appliances." Dkt. No. 1 at 18. Additionally, Petitioner alleges "C/O Beltran failed to conduct a field test on the suspected contraband substance . . . nor did he preserve the suspected substance for laboratory testing." *Id*. at 67.

To satisfy due process, "some evidence" must support prison disciplinary convictions. *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. Even "meager" evidence passes constitutional muster. *Id*. at 457.

"Some evidence" supported the RVRs here. The correctional officer's written report, relied on by the SHO, stated he "detected a strong pungent odor of alcohol" prior to finding "what his experience caused him to recognize as inmate-manufactured alcohol and . . . saw Love retrieve and dispose of a cellular telephone and charger." Lodgment No. 12, Dkt. No. 8-12 at 2. The correctional officer's observations satisfy the "some evidence" standard.[4]

---

[4] Although Petitioner argues that "screens placed on the toilet systems" would preserve the contraband, Dkt. No. 1 at 18, "[t]he question isn't what the facts may show, or can be argued to show; the question is simply whether 'some evidence' supports the finding." *Henry v. Cate*, No. 12-CV-1760-LAB (WMC), 2014 WL 197768, at *1 (S.D. Cal. Jan. 14, 2014) (uncorroborated officer testimony that "coffee jars filled with an orange pulpy liquid in a laundry bag [were] under [the petitioner's] bed, and that they had a strong odor of alcohol" was "some evidence" to support a SHO's guilty finding that petitioner possessed alcohol).

Furthermore, in support of his claim, Petitioner cites 15 Cal. Code Reg. § 3290(a)–(c), which states: (a) "[t]he [CDCR] shall prescribe the . . . methods for testing suspected controlled substances or for the use of alcohol. . . ."; (b) "[f]ield tests may be performed on any suspected substance found on institution property or in the possession or under the control of any inmate. . . ."; and (c) urine samples may be taken from inmates. *See* Dkt. No. 1 at 18. But "[n]owhere in these regulations is the requirement that an inmate [cannot] be found guilty of possessing alcohol unless the liquid in question is actually tested and confirmed to be alcohol." *Henry*, 2014 WL 197768, at *2 (rejecting petitioner's argument that an officer's failure "to test the alcohol as required by the California Department of Corrections Regulations" violated due process).

Accordingly, the Court finds that habeas relief is not warranted on the merits of the Petition because the SHO's decision was supported by "some evidence," and, therefore, comported with due process.

**C. Conversion to § 1983 Action**

"If the complaint is amenable to conversion on its face, meaning it names the correct defendants and seeks the correct relief," a district court may construe an incorrectly filed habeas petition as a § 1983 action. *Nettles*, 830 F.3d at 936. The Petition here is not amenable to conversion.

Petitioner names Warden Madden and Attorney General Becerra as respondents. The Petition does not allege any personal conduct by either Warden Madden or Attorney General Becerra to hold them as defendants in a § 1983 action. *See e.g. Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (In § 1983 cases, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") (citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976)). Thus, the Petition is not amenable to conversion on its face, and the Court recommends dismissal rather than conversion to a § 1983 action.

## IV. CONCLUSION & RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) denying Petitioner's Petition of Writ of Habeas Corpus.

**IT IS ORDERED** that no later than **November 6, 2020,** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties by **November 20, 2020**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated: October 16, 2020

Honorable Daniel E. Butcher
United States Magistrate Judge